SALTER, J.
 

 The appellant commenced a medical malpractice action against his surgeon and the hospital in which the surgery took place. A final summary judgment was granted for the hospital. The sole issue on appeal is whether the pleadings, affidavit, and deposition testimony of the appellant created a genuine issue of material fact regarding the surgeon’s role as an alleged apparent agent of the hospital. Finding no such issue, we affirm.
 

 The hospital established that the surgeon was a private physician with staff privileges at the hospital, had no contract with the hospital, and was not “hospital based.” The appellant’s affidavit stated that he himself “did not attempt to secure a specialist of [his] own to perform the operation, but accepted the person the hospital provided,” and that it was his
 
 *931
 
 “impression” that the surgeon was a hospital employee. The affidavit attached a form signed by the appellant bearing the hospital’s logo and consenting to the performance of the operative procedures by the surgeon.
 

 The appellant’s deposition testimony established that he came into the hospital via the emergency room and could not recall meeting or being introduced to the surgeon before the surgery. The appellant testified that “maybe” the surgeon “came after the operation and said I’m such and such, I operated on you.” The appellant was not told that the surgeon was an employee of the hospital and did not ask about the relationship between the hospital and surgeon. The affidavit thus recites an unfounded assumption, not a representation.
 

 In
 
 Guadagno v. Lifemark Hospitals of Flo rida,
 
 972 So.2d 214, 218 (Fla. 8d DCA 2007), we considered the three elements required to establish an apparent agency as between a hospital and a doctor providing treatment within that hospital: a representation by the hospital, a rebanee on that representation by the patient, and a change in position by the patient in reliance on the representation. We further observed that “apparent authority does not arise from the subjective understanding of the person dealing with the purported agent or from appearances created by the purported agent himself.”
 
 Id.
 

 A hospital’s consent form for a doctor to perform a procedure within the hospital is not (without more) a representation that the doctor is an agent of the hospital. Indeed, the consent form involved here repeatedly identifies the defendant doctor as “my,” i.e., the appellant’s, physician. The consent form simply identifies the operative procedure to be performed and the doctor performing it as part of the patient’s authorization to the hospital. There was no other evidence that the hospital made any representation to the appellant or that he formed anything other than a subjective “impression” that the surgeon was a hospital employee. For this reason, the scenario in this case is governed by the general principle that a hospital ordinarily is not liable for the negligence of independent-contractor physicians to whom it merely grants staff privileges.
 
 Guadagno,
 
 972 So.2d at 218 (citing
 
 Insinga v. LaBella,
 
 543 So.2d 209 (Fla.1989), and
 
 Pub. Health Trust of Dade County v. Valcin,
 
 507 So.2d 596 (Fla.1987)).
 

 Affirmed.